## BROWN & ROOT, Inc., v. DUNCAN.
### No. 8632.

Court of Civil Appeals of Texas. San Antonio.
June 3, 1931.

Rehearing Denied July 1, 1931.

Roberts, Monteith, Baring & Wilson, of Houston, for appellant.

W. B. Moss, of Sinton, for appellee.

COBBS, J.

Appellee sued appellant in the county court of San Patricio county to recover $950, the alleged damages to his automobile caused by the negligence of defendant in leaving the road roller upon a public highway in the course of construction by defendant, without maintaining lights upon said roller in the nighttime, resulting in the collision of plaintiff's car with said roller. Defendant answered by exceptions and that plaintiff was guilty of contributory negligence, and pleaded that the injuries complained of were the result of an unavoidable accident.

The objections were overruled, and special issues submitted to the jury, upon the return of which in favor of appellee, a judgment was entered in behalf of appellee.

The facts are that plaintiff was driving an automobile at night at a speed of from thirty to forty miles per hour on a narrow hard-surfaced road on which the glare of approaching automobile lights had the effect of blinding him, and, while passing another car going in the opposite direction, he drove his car into the back of the road roller, causing the damage to his car. Plaintiff did not slow down his speed to a speed not in excess of fifteen miles an hour while passing another car, and, because of being blinded by the lights of the passing car, he did not see the road roller standing on the side of the road, which he would otherwise have seen, and his failure to slow down his speed to fifteen miles an hour was the proximate cause of his injuries and the injuries to his car. The road roller was on the caliche, five or six feet from the shoulder of the road. The plaintiff stated he was traveling about thirty-five miles an hour when he saw the roller and swerved to the left to keep from hitting the roller, and the rear wheel of the car swerved or swung around into the back of the roller. He passed the other car about ten to forty feet before he struck the roller, and when he first saw it he began to turn to the left as soon as his presence of mind told him what to do. He testified:

"The first car whose lights blinded me, passed me about ten feet before I hit the roller. It was about the same time that I first saw the roller. I don't think I was going over 35 miles per hour when I first saw the roller. I could not have been going 40 miles per hour. I didn't have occasion to examine my speedometer about that time but I am not a fast driver."

"Question: Well, then, you were going between 30 or 40 miles per hour when you passed the first car about 10 feet before you struck the roller? Answer: Yes, sir. The reason I didn't see the roller was that the lights of the first car blinded me. If there had been no car passing when it did, I would have seen the roller in time to avoid striking it."

Now the foregoing statement of the facts is a sufficient basis for us to pass upon the question.

We have a case now before us to determine whose negligence constituted the proximate cause of the injury. In the first instance the appellant was guilty in leaving the roller on a public traveled road in the nighttime without a light to warn of its presence, and, in the second place, appellee was guilty of negligence in driving his car in the nighttime at a greater rate of speed than the law allows.

As we understand the law in such cases, though the injured person may have to some extent slightly contributed to his own injury by his negligence, yet, if the defendant was grossly negligent, a recovery is allowed. Clearly, to leave a road roller standing on a public traveled road, without any light on it, or other thing to warn the public of its presence, is gross negligence. The testimony showed that appellee had passed the car going in the opposite direction about forty feet before he struck the roller, and he shot the gas to the car about forty feet before he reached the roller, so that the passing car with the glaring lights was eliminated to some extent, whose lights had prevented him from seeing the road roller earlier. No doubt if the roller had a light on it, as such obstructions upon the public road require, appellee would have easily seen the same. Appellee was not in the act of passing another car at the time of the accident, but had already passed the same some ten to forty feet, and had begun to speed up when he discovered the unlighted roller. The trial court recognized this fact by stating the special requested charges of defendant were given in the main charge of the court. In refusing defendant's special requested issues Nos. 2, 3, and 4, in his qualification of defendant's bill of exception No. 3, the court stated:

"This issue was refused because there was no evidence introduced in the trial of the case tending to show that Plaintiff was passing another automobile at the time of injury, the undisputed evidence showing that the other car had already passed before the injury occurred."

And in refusing defendant's bill of exceptions No. 4, he stated: "This Requested Issue was in effect given and covered in the main charge of the Court."

In refusing defendant's special requested issue No. 8, in his qualification to defendant's bill of exception No. 5, the court stated: "Said issue was refused on the ground that the evidence introduced on the trial of this cause did not raise the issue of the 'unavoidable accident.'"

Clearly, the action of the court, in view of

the evidence, was proper. An issue of fact was raised as to whether the appellee was engaged in passing another car at the time of the collision. The jury found that Duncan was keeping a reasonable lookout for existing objects on or near the highway, and further found that the defendant's negligence in failing to provide the roller with lights sufficient to warn the traveling public was the "proximate cause" of the injury to plaintiff's car.

We do not think the evidence sufficiently supports any issue of intoxication on the part of appellee at the time of the accident. Driving a car while under the influence of liquor is against all good law and common decency. There are too many acts of negligence whereby many people are daily injured, and surely the courts will not pass unnoticed the negligent act of one who is under the influence of liquor, which the law denounces as a crime of itself.

It is the opinion of the majority of this court that the appellee was clearly violating the law when he passed the passing automobile. He admits he was passing the moving car at the rate of thirty or forty miles per hour when he struck the road roller, and that he struck the road roller about forty feet beyond where he passed the automobile.

The judgment is reversed, and the cause remanded for another trial.

### On Motion for Rehearing.

SMITH, J.

It is conceded that appellee was guilty of negligence, as a matter of law, in passing an on-coming fellow motorist at an unlawful rate of speed, an instant before the accident.

So is it conceded that appellant was guilty of negligence, as a matter of law, in leaving its unlighted steam roller upon the highway, in the nighttime.

While it is true that appellee's act of negligence was completed before the accident occurred, yet nevertheless its commission had projected him into a position of peril from which he did not extricate himself.

On the other hand, appellant's act of negligence was continuous throughout the transaction, and was a flagrant one at that.

It was the prerogative of the jury, exclusively, to determine what was the proximate cause of the accident, whether it was caused by the negligence of appellant, or of appellee, or of both, or of neither.

The doctrine of comparative negligence has no place in the case of course.

The jury found that the admitted negligence of appellant was a proximate cause of appellee's injury, and the evidence was ample to support the finding. But the trial court refused to submit to the jury the correlated issue of whether the admitted negligence of appellee was likewise a proximate cause of the injury, although the evidence clearly raised the issue. In this we conclude the court erred, and it is upon this error the judgment should be reversed and the cause remanded for another trial. The appellant is entitled to have that defense submitted to a jury, since it was properly pleaded and was supported by cogent evidence.

If the issue of whether appellee was under the influence of intoxicating liquor is submitted upon another trial, it should be submitted in the language of the statute upon the subject.

With these modifications of the original opinion, the motions of both parties for rehearing are overruled.